UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI D. RAMANI,

      Plaintiff,

  -against-

AMAZON.COM,

      Defendant.

20-CV-1732 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff brings this *pro se* action, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He alleges that he purchased a defective product through Defendant Amazon.com. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

  Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(2).

  Plaintiff resides in Briarwood, in Queens County, New York. He alleges that in September 2019, he ordered an ice pack from Magic Gel on Amazon.com, which appears to have been shipped to him through Amazon's "fulfillment by Amazon" program. The ice pack leaked, leaving Plaintiff with an ongoing skin condition. Plaintiff filed suit in the New York Supreme

Court, Queens County, eventually seeking $25,000 in damages (ECF 2-1 at 96), but the action was dismissed for improper service.[1] Plaintiff has now refiled the action here.

Even if venue is proper in this district, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

---

[1] Plaintiff attaches to his complaint the agreement between Amazon and third-party sellers. It designates the laws of the State of Washington as the applicable state law, and courts in the State of Washington as the appropriate venue for disputes between them that are not subject to arbitration.

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff resides outside this district, and he alleges that the operative events occurred outside this district. Venue is proper under 28 U.S.C. § 1391(b) in Queens County, New York,[2] where the events giving rise to this suit took place. Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 112(a). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

Plaintiff has consented to electronic service. The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 2, 2020
      New York, New York

                                      COLLEEN McMAHON
                                      Chief United States District Judge

---

[2] It is unclear from the complaint whether an agreement with a forum selection clause governs this action.